IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

PAUL BLAKNEY,

                        Plaintiff,

            v.

MADHU PRASAD, M.D., FAR NORTH
SURGERY & SURGICAL ONCOLOGY,
P.C. and GALEN ALASKA HOSPITAL,
INC. d/b/a ALASKA REGIONAL
HOSPITAL

                        Defendants.

Case No. 3:18-cv-00098-TMB

ORDER ON PLAINTIFF'S MOTION
FOR RECONSIDERATION (DKT. 28)

## I.    INTRODUCTION

The matter comes before the Court on Plaintiff Paul Blakney's Motion for Reconsideration (the "Motion").[1] Blakney seeks reconsideration of the Court's Order[2] (the "Prior Order") granting Defendants Madhu Prasad's, M.D., Far North Surgery & Surgical Oncology, P.C.'s ("Far North"), and Galen Alaska Hospital, Inc. d/b/a Alaska Regional Hospital's ("Alaska Regional Hospital") Motion to Dismiss Complaint for Declaratory Relief (the "Motion to Dismiss").[3] Defendants oppose the Motion.[4] The parties did not request oral argument, and the Court finds that it would not be helpful. For the reasons stated below, the Motion is **GRANTED**; after reconsideration of the Prior Order, this matter is **DISMISSED** due to lack of subject matter jurisdiction.

---

[1] Dkt. 28.

[2] Dkt. 27.

[3] *See* Dkt. 19 (Motion to Dismiss); Dkt. 21 (Joinder to Motion).

[4] Dkt. 32 (Alaska Regional Hospital's Opposition); Dkt. 33 (Prasad's and Far North's Opposition).

## II. BACKGROUND

The action is a declaratory judgment action alleging preemption of an Alaska state law by the Employee Retirement Income Security Act of 1974 ("ERISA"), and by the terms of an employee welfare benefit plan subject to ERISA (the "Plan").[5] The Court reincorporates the factual and procedural background from the Prior Order.[6]

After the Court issued the Prior Order granting Defendants' Motion to Dismiss, Blakney moved for reconsideration of the Prior Order dismissing the case for lack of subject matter jurisdiction.[7] Specifically, Blakney contends that the Court's ruling "overlooks and misapplies governing federal law," and that the Court has jurisdiction over this action under 29 U.S.C. § 1132 (a)(3).[8] Defendants oppose the Motion, arguing that the Court did not err in the Prior Order finding a lack of subject matter jurisdiction,[9] and asserting that Blakney inappropriately raises new arguments in the Motion.[10] The matter is now ripe for resolution.

## III. LEGAL STANDARD

### A. Motion for Reconsideration

Ninth Circuit law counsels that reconsideration is "an extraordinary remedy, to be used sparingly and in the interests of finality and conservation of judicial resources."[11] While District

---

[5] *See generally*, Dkt. 1.

[6] *See* Dkt. 27 at 2–5.

[7] Dkt. 28.

[8] *Id*. at 1–4.

[9] Dkt. 32 at 1–2; Dkt. 33 at 2.

[10] *Id.* The Court requested that Defendants file a response, if any, to Blakney's Motion under D. Ak. L.R. (Civil) 7.3(h)(3).

[11] *Big State Logistics, Inc. v. Gov't Servs. Corp.*, No. 4:13-cv-00029, 2014 WL 12526313 at *1 (D. Alaska March 28, 2014) (quoting *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 1993)). *See*

of Alaska Local Rule 7.3(h) governs motions for reconsideration, substantive case law dictates that the Court may reconsider an order "where: '(1) the decision is clearly erroneous and its enforcement would work a manifest injustice, (2) intervening controlling authority makes reconsideration appropriate, or (3) substantially different evidence was adduced.'"[12] These circumstances are the sole grounds for granting a motion for reconsideration; such a motion "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."[13] As many district courts within the Ninth Circuit have concluded, a party "must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden."[14]

---

also *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)); *Richey v. Borough*, No. 3:14-cv-00170-JWS, 2015 WL 1962880, at *1 (D. Alaska April 30, 2015) ("Because of the interest in finality, however, courts should grant motions for reconsideration sparingly.").

[12] *Mills v. Wood*, No. 4:10-CV-00033-RRB, 2016 WL 10651094 at *1 (D. Alaska Dec. 1, 2016) (quoting *Jeffries v. Wood*, 114 F.3d 1484, 1489 (9th Cir. 1997) (en banc)). *See also Richey*, 2015 WL 1962880, at *1 ("According to that case law, reconsideration should be granted in three circumstances: First, upon the discovery of material facts that were previously unavailable or undiscoverable through reasonable diligence; second, if the court overlooked material facts that were presented to it before it made its decision; and third, if there is a change in the law after the court's decision." (internal citations omitted)); *United States v. CNA Fin. Corp.*, 381 F. Supp. 2d 1088, 1096 (D. Alaska 2005) (citing *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)).

[13] *Carroll*, 342 F.3d at 945. *See also Richey*, 2015 WL 1962880 ("A motion [for reconsideration] will not be granted if it simply repeats arguments that were made, or could have been made, when the Court reached its original decision.")

[14] *Ervin v. Soto*, No. CV-13-4232-JVS (KK), 2015 WL 1540806, at *2 (C.D. Cal. Apr. 7, 2015); *Nadolski v. Winchester*, No. 13-CV-2370-DHB, 2014 WL 6632801, at *2 (S.D. Cal. Nov. 21, 2014) ("[A] simple retelling of the same claims that the Court already dismissed ... are not proper grounds for reconsideration."); *Johnson v. Wennes*, 08-CV-1798-L(JMA), 2009 WL 1161620, at *1 (S.D. Cal. Apr. 28, 2009) ("A motion to reconsider is not another opportunity for the losing party to make its strongest case, reassert arguments, or revamp previously unmeritorious arguments.").

## B. Fed. R. Civ. P. 12(b)(1) Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(1) provides that a defendant may move for dismissal based on a lack of subject matter jurisdiction. Unlike the other defenses listed under Rule 12(b),[15] a motion to dismiss for lack of subject matter jurisdiction may be filed at any time in the course of the litigation and cannot be waived.[16] "Subject-matter jurisdiction defines the court's authority to hear a given type of case."[17] "[I]n reviewing a Rule 12(b)(1) motion to dismiss for lack of jurisdiction, [courts] take the allegations in the plaintiff's complaint as true."[18] "Once challenged, the party asserting subject matter jurisdiction has the burden of proving its existence."[19] "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears."[20]

"A party can make either a facial or a factual attack on subject matter jurisdiction."[21] "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction."[22] Here,

---

[15] *See* Fed. R. Civ. P. 12(h)(1) (discussing waiver of defenses listed in Rule 12(b)(2)–(5)).

[16] *See* Fed. R. Civ. P. 12(h)(3) ("*Lack of Subject-Matter Jurisdiction.* If the Court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

[17] *United States v. Morton*, 467 U.S. 822, 828 (1984).

[18] *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).

[19] *Rattlesnake Coal. v. U.S. Envt'l. Prot. Agency*, 509 F.3d 1095, 1102 n.1 (9th Cir. 2007). *See also Alaska v. Kerry*, 972 F. Supp. 2d 1111, 1120 (D. Alaska 2013).

[20] *Id.* (quoting *A–Z Int'l v. Phillips¸* 323 F.3d 1141, 1145 (9th Cir. 2003)).

[21] *ActiveVideo Networks, Inc. v. Trans Video Elec., Ltd.*, 975 F. Supp. 2d. 1083, 1085 (N.D. Cal. 2013).

[22] *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

Defendants have brought a facial attack and assert that the allegations contained in the Complaint are insufficient on their face to invoke federal jurisdiction; therefore, "[w]hether subject matter jurisdiction exists . . . does not depend on resolution of a factual dispute, but rather on the allegations in [the] complaint."[23]

## IV.    ANALYSIS

The Motion seeks reconsideration of the Prior Order at docket 27, which determined that the Court lacked subject matter jurisdiction in this declaratory judgment action.[24] The Court first determines whether reconsideration of the Prior Order is warranted. Because the Court concludes that reconsideration is indeed warranted, the Court thereafter reconsiders the issues and holdings reached in the Prior Order. The Court addresses each in turn below.

### A.    Whether Reconsideration of the Prior Order is Warranted

Blakney moves for reconsideration of the Prior Order dismissing his case for lack of subject matter jurisdiction on the basis that "the ruling overlooks and misapplies governing federal law."[25] Specifically, Blakney contends that the Court erred in using a two-factor test for determining whether subject matter jurisdiction exists in this action, and argues that such application "is limited to situations in which a defendant in a state court action asserts a defense of federal preemption as grounds for removing the state action to federal court."[26] Blakney further contends that the Court's "'complete preemption' analysis is inapplicable where the action is brought in federal court by an ERISA plan participant, beneficiary or fiduciary seeking the relief authorized under subsection

---

[23] *Wolfe*, 392 F.3d at 362.

[24] *See generally*, Dkt. 27 (Order), Dkt. 28 (Motion).

[25] *Id.* at 1.

[26] Dkt. 28 at 1, n.2.

(a)(3)(A) & (B)," and that "[i]n such cases, jurisdiction exists exclusively in the federal court pursuant to 29 USC § 1132(e)."[27]

The Court agrees that the two-factor test for complete preemption applied in the Prior Order is not typically utilized in situations except those involving a removal from state court by a defendant based on a claim's contended preemption by ERISA.[28] Indeed, the Court even noted in the Prior Order that the complete preemption test is more often applied in such situations.[29] The Court does not, however, believe it erred when it used this complete preemption test in determining whether subject matter jurisdiction exists based on a claim brought under 29 U.S.C. § 1144(a). This is especially true where Blakney's Opposition to the Motion to Dismiss focused largely on the argument that preemption claims based on § 1144(a) confer federal subject matter jurisdiction[30]—despite case authority to the contrary establishing that only claims that are *completely* preempted provide subject matter jurisdiction under § 1144(a).[31]

---

[27] *Id.* at 1–2, n.2.

[28] *See Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 945 (9th Cir. 2009) (noting removal by defendants-appellees on the basis that state-law claims were preempted by ERISA); *Fossen v. Blue Cross and Blue Shield of Montana, Inc.*, 660 F.3d 1102, 1107 (9th Cir. 2011) (substantively same).

[29] *See* Dkt. 27 at 10, n. 51 ("The Court notes that generally it is defendants who raise ERISA preemption as a defense against state-law causes of action . . . . Here, however, it is Plaintiff who has raised ERISA preemption as a defense in response to Defendants' defense that Alaska state law limits the damages recoverable in the underlying state action where Plaintiff has brought medical malpractice claims against Defendants.").

[30] *See* Dkt. 22 at 8–19. The Court notes that Blakney's section is titled, "The applicability of 29 U.S.C. § 1144(a) arises under federal law and invokes federal court subject matter jurisdiction." *Id.* at 8.

[31] *See Fossen*, 660 F.3d at 1107 ("There are two strands of ERISA preemption: (1) 'express' preemption under ERISA § 514(a), 29 U.S.C. § 1444(a); and (2) preemption due to a 'conflict' with ERISA's exclusive remedial scheme set forth in [ERISA § 502(a),] 29 U.S.C. § 1132(a) . . . . Conflict preemption under ERISA § 502(a), however, also confers federal subject matter jurisdiction for claims that nominally arise under state law . . . . Ordinarily, federal question

6

However, the Court agrees that the Prior Order did not fully explain the Court's reasoning because it did not individually address whether subject matter jurisdiction exists under §§ 1132(a)(1)(B) and 1132(a)(3), particularly in light of the fact that the Complaint asserted that subject matter jurisdiction exists under §§ 1132(a)(1)(B) and 1132(a)(3).[32] Although the first factor of the complete preemption test looks to whether a claim could have been brought under § 1132(a)—and the Court did specifically consider these two sections in the Prior Order[33]—the Court did not separately consider them apart from the complete preemption analysis undertaken under § 1141(a). The Court, thus, erred in omitting a separate discussion on whether subject matter jurisdiction exists under §§ 1132(a)(1)(B) or 1132(a)(3). The Court, therefore, takes the opportunity to clarify its reasoning and the record in this matter.

Accordingly, the Court **GRANTS** the Motion at docket 28 and reconsiders the issues and holdings in the Prior Order at docket 27.

### B. Reconsideration of the Prior Order

The Motion to Dismiss filed by Prasad and Far North, and later joined by Alaska Regional Hospital, raises two grounds for dismissal of the Complaint: (1) the Court lacks federal subject

---

jurisdiction does not lie where a defendant contends that a state-law claim is preempted by federal law." (internal quotation marks omitted)); *Marin Gen.*, 581 F.3d at 945 ("The general rule is that a defense of federal preemption of a state-law claim, even conflict preemption under § 514(a) [§ 1144(a)] of ERISA, is an insufficient basis for original federal question jurisdiction under § 1331."). *See also id.* at 949 ("Defendants are free to assert in state court a defense of conflict preemption under § 514(a) [§ 1144(a)], but they cannot rely on that defense to establish federal question jurisdiction."); *Toumajian v. Frailey*, 135 F.3d 648, 654 (9th Cir. 1998) ("The mere fact that ERISA preemption under § 1144(a) may be raised as a defense, or is in actuality a defense, does not confer jurisdiction." (citing *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987)*, abrogated on other grounds by Fossen*, 660 F.3d at 1112.

[32] *See* Dkt. 1 at 2.

[33] *See* Dkt. 27 at 11–15.

matter jurisdiction in this action; and (2) the Court should abstain from this action and allow the state court to rule on the issue of ERISA preemption.[34] The Court again addresses each of these two grounds in turn below.

1. Whether Subject Matter Jurisdiction Exists

District courts have federal question jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States."[35] "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'"[36] "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."[37] The Court therefore looks to the face of plaintiff's complaint to determine whether a federal question is presented.

Here, Blakney invokes both ERISA and the Declaratory Judgment Act ("DJA") in the jurisdictional section of his Complaint.[38] Specifically, Blakney identifies two sections of ERISA, 29 U.S.C. §§ 1132(a)(1)(B) and 1132(a)(3), and the DJA, 28 U.S.C. §§ 2201 and 2202, as grounds

---

[34] Dkt. 19 at 1–2; Dkt. 20 at 5–13. *See also* Dkt. 21 (Alaska Regional Hospital's Joinder to Motion to Dismiss); Dkt. 27 at 7–16 (Prior Order).

[35] 28 U.S.C. § 1331.

[36] *See also Republican Party of Guam v. Gutierrez,* 277 F.3d 1086, 1088 (9th Cir. 2002). *See also Blatchford v. Alaska Native Tribal Health Consortium,* No. 3:08-cv-00247-TMB, 2009 WL 10678409, at *2 (D. Alaska Sept. 11, 2009).

[37] *Gutierrez*, 277 F.3d at 1089. *See also Coyle v. Colaska, Inc.*, No. 3:05-cv-00221-TMB, 2007 WL 9718216, at *2 (D. Alaska Jan. 10, 2007).

[38] Dkt. 1 at 2.

for subject matter jurisdiction.[39] Blakney also identifies 29 U.S.C. § 1144(a) of ERISA in a separate section of the Complaint,[40] and also identifies § 1144(a) as an additional basis for jurisdiction in his Opposition to the Motion to Dismiss.[41]

Thus, the Court considers whether subject matter jurisdiction exists under these sections based on the allegations in the Complaint. First, as civil claims of ERISA preemption that are redressable under 29 U.S.C. § 1132(a) provide federal question jurisdiction,[42] the Court considers whether subject matter jurisdiction exists under the three ERISA provisions, §§ 1132(a)(1)(B), 1132(a)(3), and 1144(a). Second, the Court considers whether subject matter jurisdiction exists under the DJA. Finally, the Court summarizes its conclusions as to subject matter jurisdiction.

> a. *Whether Jurisdiction Exists Under 29 U.S.C. §§ 1132(a)(1)(B)*

ERISA § 1132(a)(1)(B) authorizes a civil action in federal court by a participant or beneficiary "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."[43] Under this section, "[i]f a participant or beneficiary believes that benefits promised to him under the terms of the plan are not provided, he can bring suit seeking provision of those benefits," and "[a] participant or beneficiary can also bring suit generically to 'enforce his rights' under the plan, or

---

[39] *Id.*

[40] *Id.* at 6.

[41] Dkt. 22 at 9–10.

[42] *See Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 713 (9th Cir. 1990) ("Civil claims preempted by ERISA and redressable under 29 U.S.C. § 1132(a) provide federal question jurisdiction because Congress has 'so completely' preempted this area 'that any civil complaint raising [section 1132(a)] claims is necessarily federal in character.'" (citation omitted)).

[43] 29 U.S.C. § 1132(a)(1)(B).

to clarify any of his rights to future benefits."[44] The Ninth Circuit has noted that lawsuits initiated under this specific subsection are "the most common cause of action under ERISA," and that this provision of ERISA "authorizes a plan participant or beneficiary to bring a civil action to recover benefits due her under the plan or to enforce her rights under the plan or clarify her rights to future benefits under the terms of the plan."[45] Notably, state courts have concurrent jurisdiction with federal courts over actions brought under subsection (a)(1)(B).[46]

At the onset, the Court notes that while Blakney argued in his Opposition to the Motion to Dismiss that subject matter jurisdiction exists under subsection (a)(1)(B),[47] Blakney does not argue in the Motion that jurisdiction exists under subsection (a)(1)(B). Indeed, Defendants highlight Blakney's failure to request reconsideration of the Court's holding that subject matter jurisdiction does not exist under subsection (a)(1)(B), and argue that this failure is a concession by Blakney that there is not—in fact—jurisdiction under subsection (a)(1)(B).[48]

After reconsideration of the Prior Order, the Court reaches the same conclusion: namely, Blakney cannot demonstrate that he could have brought his underlying medical malpractice lawsuit under subsection (a)(1)(B). Blakney's underlying state-law action concerns a medical malpractice claim, which—but for Defendants' reliance on AS 09.55.548(b) as an affirmative

---

[44] *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004).

[45] *Toumajian*, 135 F.3d at 656.

[46] 29 U.S.C. § 1132(e)(1).

[47] *See* Dkt. 22 at 7 ("29 U.S.C. § 1132(a)(1)(B) expressly grants individuals the right to bring civil actions in federal court to resolve issues related to ERISA plans.").

[48] *See* Dkt. 32 at 3, n.7 ("[Blakney] fails to address the Court's § 1132(a)(1)(B) analysis, thereby conceding it for purposes of his motion."); Dkt. 33 at 2 ("The Court held there is no federal question jurisdiction under three separate provisions: 29 U.S.C. § 1144(a), § 1132(a)(1)(B) and § 1132(a)(3). [Blakney] does not challenge the Court's rulings under the first two provisions.").

defense and Plaintiff's subsequent argument that the terms of the Plan and ERISA preempt that state statute—is unrelated to ERISA. Blakney does not, and cannot, allege that he is seeking benefits from the Plan or to enforce the terms of the Plan to obtain benefits due to him in the underlying state action; instead, Blakney is seeking damages for harm he incurred as a result of Defendants' alleged negligence. Blakney again provides no case law—and the Court can find none—where such instances would confer federal question jurisdiction or satisfy subsection (a)(1)(B).

Moreover, the allegations in the Complaint demonstrate that (a)(1)(B) cannot be satisfied. The allegations make clear that this action does not involve the typical situation involving subsection (a)(1)(B), where a participant or beneficiary is attempting to recover benefits to him under an ERISA plan from the plan or plan administrator, or to enforce or clarify his rights under the plan. Blakney alleges that he is seeking to enforce the terms of the Plan regarding the recovery of subrogated benefits from the Defendants that are due to him under the terms of the Plan.[49] However, Blakney is not seeking the subrogated benefits through his status as a beneficiary or participant in the Plan, and the subrogated benefits cannot be appropriately characterized as benefits that are due to him as a participant or beneficiary under the terms of the Plan.[50] Rather, Blakney's legal entitlement to such subrogation benefits derives from an assignment executed between him and Premera Blue Cross ("PBC")—which is neither a participant nor beneficiary.[51]

---

[49] *See* Dkt. 1 at 5–7.

[50] Defendants Prasad and Far North correctly noted in their Reply that "[t]his declaratory judgment action does not involve an alleged violation of ERISA or the terms of the [P]lan. Plaintiff does not contend that his right to benefits under ERISA have been, or will be, hindered in any way." Dkt. 26 at 2.

[51] *See Bd. of Tr. of Printing Specialties and Paper Prod. Joint Employer and Welfare Fund v. Doctors Medical Center of Modesto*, 2:06-cv-02886-FMC-FMOx, 2008 WL 11336181, at *5 (C.D. Cal. Mar. 18, 2008) (no jurisdiction under § 1132(a)(1)(B) where party was not "seeking

Accordingly, Blakney cannot bring the Complaint under § 1132(a)(1)(B), and, thus, subject matter jurisdiction does not exist under subsection (a)(1)(B).

### b. Whether Jurisdiction Exists Under 29 U.S.C. §§ 1132(a)(3)

Under § 1132(a)(3), a participant, beneficiary, or fiduciary may bring a civil suit to "(A) enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan."[52] In other words, "[p]articipants and beneficiaries, along with plan fiduciaries, depending on their respective roles, are authorized to bring actions for appropriate relief for . . . injunctions or to obtain other appropriate equitable relief to redress an ERISA violation or to enforce the terms of the plan or the provisions of ERISA."[53]

In the Motion, Blakney primarily argues that subject matter jurisdiction exists because the Complaint falls within § 1132(a)(3).[54] Specifically, Blakney states that jurisdiction exists where a complaint (1) "allege[s] that the party bringing the action is an ERISA plan participant beneficiary under 29 U.S.C. § 1132(a)(3)" and (2) "request[s] equitable relief under subsection (a)(3)."[55] Blakney contends that the allegations in the Complaint satisfy these two requirements.[56]

---

payment of benefits as a 'participant' in or 'beneficiary' of the [p]lan, but rather brings an action" based on a "purported contractual relationship" between it and other parties).

[52] 29 U.S.C. § 1132(a)(3).

[53] *Toumajian*, 135 F.3d at 656.

[54] Dkt. 28 at 2–4 (discussing subject matter jurisdiction under subsection (a)(3)).

[55] *Id.* at 3 (citation omitted).

[56] *Id.* at 3–4.

Moreover, Blakney asserts that "[t]o the extent the [C]ourt's decision may have been based on a view that jurisdiction is lacking because the ultimate remedy sought here is a legal remedy (money damages) rather than an equitable remedy authorized under (a)(3)[], this issue was resolved in [Blakney's favor by the U[nited] S[tates] Supreme Court in *Sereboff v. Mid Atlantic Med. Servs., Inc.*"[57] Blakney argues that *Sereboff* stands for the propositions that subject matter jurisdiction exists "when a fiduciary or beneficiary brings a claim under (a)(3) irrespective of the existence or nature of the claims asserted in an ancillary state personal injury action against third parties,"[58] and that "a claim to enforce the third party recovery terms is equitable in nature irrespective of when the funds on which the lien is impressed or recovered."[59]

The Court agrees that the Complaint sufficiently alleges that Blakney is an appropriate party to maintain an action under subsection (a)(3). Section 1132(a)(3) permits a participant, beneficiary, or fiduciary to commence a lawsuit. Here, Blakney—as the party initiating this lawsuit—is an individual qualified to bring an action under subsection (a)(3), as he is both a beneficiary and acting on behalf of the fiduciary because of PBC's assignment of its independent right of subrogation to him.[60]

---

[57] *Id.* at 4 (citing *Sereboff v. Mid Atlantic Med. Servs., Inc.*, 547 U.S. 356 (2006)).

[58] *Id.* at 5.

[59] *Id.* at 5, n.13.

[60] *See* Dkt. 1 at 3 ("At all times relevant, Plaintiff Paul Blakney was a beneficiary of a self-funded employee welfare benefit plan subject to ERISA."), 5 ("Pursuant to the foregoing Plan terms, PBC also possesses the independent right to pursue and recover from third parties those medical benefits it paid on behalf of [P]laintiff Paul Blakney attributable to the conduct of such third parties. PBC has expressly assigned to [P]laintiff Paul Blakney its independent right of subrogation against third parties with respect to benefits that have been or will be paid by the Plan.").

The Court further agrees that Blakney is appropriately seeking to enforce the terms of the Plan or ERISA, as also required under subsection (a)(3).[61] "A declaratory judgment may be said to 'enforce' ERISA or the terms of an ERISA plan where it seeks to establish the primacy of an ERISA obligation over some independent, potentially conflicting federal or state law duty."[62] Here, Blakney alleges that the terms of the Plan and ERISA preempt AS 09.55.548(b) and that he is seeking a declaratory judgment to this effect to enforce the terms of the Plan and ERISA.[63] The Court did not make a ruling as to these two requirements in the Prior Order, but the Court finds that Blakney has appropriately alleged: (1) that he is a qualified individual permitted to bring an action under (a)(3); and (2) that he is seeking to enforce the terms of the Plan or ERISA.

---

[61] The Court notes that Blakney does not discuss this requirement—that the individual must be seeking to enforce the terms of the Plan or ERISA—under subsection (a)(3); however, case authority is clear that an individual must so demonstrate. *See Bank of America Grp. Benefits Program Fiduciary v. Riggs*, No. CV06-02805-PHX-NVW, 2007 WL 1876589, *3 (D. Ariz. June 28, 2007) (holding that part of subsection (a)(3) is satisfied where plaintiff is an ERISA fiduciary and is seeking to establish the primacy of the language of the plan over conflicting language elsewhere); *Transamerica Occidental Life Ins. Co. v. DiGregorio*, 811 F.2d 1249, 1252 (9th Cir. 1987) (discussing requirement that the action of (a)(3) seeks to enforce the terms of the plan or ERISA).

[62] *Id.*

[63] *See* Dkt. 1 at 6 ("Pursuant to 29 U.S.C. § 1144(a), the provisions of the Plan supersede and preempt any and all State laws insofar as they may relate to the Plan, directly or indirectly . . . . AS 09.55.548(b) relates to the Plan to the extent it is construed or interpreted to preclude, restrict or limit [P]laintiff Paul Blakney's or the Plan's right to enforce the Plan terms governing subrogation, reimbursement or restitution of medical benefits that may have been or will be paid by PBC for medical expenses incurred as a result of defendants' failure to meet the applicable standard of care with respect to the medical care they furnished to [P]laintiff Paul Blakney."); *id.* at 7 ("The terms of the Plan permitting recovery against liable third-parties supersedes and preempts Alaska Statute 09.55.548(b) to the extent AS 09.55.548(b) is or may be construed to preclude or limit the plaintiff's or the Plan's right to recover medical expenses that may have been or will be paid by PBC pursuant to the Plan terms and which were or are incurred as a result of defendants' failure to meet the applicable standard of care with respect to the medical care furnished to [P]laintiff Paul Blakney.").

However, even after reconsideration, the Court cannot conclude that Blakney's requested relief meets the second requirement of subsection (a)(3): namely, that the relief sought be equitable. Subsection (a)(3) is itself expressly limited to equitable relief.[64] Blakney has brought a declaratory judgment action; it is well-established that "[d]eclaratory judgments are neither legal nor equitable,"[65] and are a statutory remedy.[66] In the Ninth Circuit, a "particular declaratory judgment draws its equitable or legal substance from the nature of the underlying controversy."[67]

Here, the question of whether ERISA preempts AS 09.55.548(b) arises from an underlying state-law medical malpractice action for monetary damages where at least one of the Defendants has asserted the state statute as one affirmative defense.[68] As "a particular declaratory judgment draws its equitable or legal substance from the nature of the underlying controversy"—and the underlying claim is one for monetary damages based on medical malpractice—the declaratory judgment in this matter is legal in substance.[69] Any entitlement Blakney has to recover funds from

---

[64] *See* 29 U.S.C. § 1132(a)(3); *Mertens v. Hewitt Assoc.*, 508 U.S. 248, 255–56 (1993) discussing subsection (a)(3), and that it is limited to remedies typically defined as "equitable"). *See also Tr. of U.A. Local 38 Defined Benefit Pension Plan v. Tr. of Plumbers and Pipe Fitters Nat. Pension Fund*, 678 F. App'x 478, 480 (9th Cir. 2017) ("[Party] also could not have brought its action under ERISA § 502(a)(3) because it is seeking damages for breach of contract, not equitable relief, and because [party] is not seeking to address a violation of ERISA or an ERISA plan."); *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 218 (2004) (limiting equitable relief in (a)(3) to mean only an equitable form of restitution, and excluding a legal form of restitution).

[65] *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 284 (1988). *See also*

[66] *See* 28 U.S.C. § 2201; Fed. R. Civ. P. 57.

[67] *See Transamerica*, 811 F.2d at 1251.

[68] *See* Dkt. 1 at 5–6.

[69] *See Mertens v. Hewitt Assoc.*, 508 U.S. 248, 255 (1993) ("Although they often dance around the word, what petitioners in fact seek is nothing other than compensatory *damages*—monetary relief for all losses their plan sustained as a result of the alleged breach of fiduciary duties. Money damages are, of course, the classic form of *legal* relief." (emphasis original)). *See also*

15

Defendants under the provisions governing subrogation, reimbursement, or restitution derive from a legal entitlement based on medical malpractice. This cannot satisfy subsection (a)(3), which is limited to only equitable relief. Thus, Plaintiff does not—and cannot—satisfy the requirements of subsection (a)(3)—namely, that the relief sought under subsection (a)(3) is equitable.

Blakney's arguments—first, that *Sereboff* permits claims under (a)(3) irrespective of their underlying nature and, second, that *Sereboff* held that the enforcement of third-party recovery terms are equitable irrespective of when or how funds are recovered—do not persuade the Court that subject matter jurisdiction exists under subsection (a)(3). Blakney misapprehends *Sereboff* and these arguments are, thus, without merit as discussed below.

As Defendants correctly highlight,[70] *Sereboff* did not abandon the requirement that the requested relief be equitable, nor does it otherwise wholesale permit enforcement of third-party recovery terms. Indeed, nowhere in *Sereboff* did the Supreme Court explicitly or implicitly dispense with any equitable relief requirement in subsection (a)(3). Instead, *Sereboff*, primarily distinguished its holding from an earlier Supreme Court decision, *Great-West Life & Annuity Ins. Co. v. Knudson*,[71] and clarified instances that are equitable relief for purposes of subsection (a)(3).

---

*Transamerica*, 811 F.2d at 1251–52 (holding that contractual claims to benefits is a legal right); *Bank of America Grp. Benefits*, 2007 WL 1876589, at *3 (substantively same).

[70] *See* Dkt. 32 at 5 ("Plaintiff tries to equate the claim of a plan administrator against a beneficiary for payment of a specifically identifiable corpus already recovered (a traditional equitable remedy) with a claim by a plaintiff that one of many affirmative defenses in a state court tort action may violate federal law. The *Sereboff* court most assuredly did not imply that the latter fits within the framework of a 'traditional equitable analysis.'"); Dkt. 33 at 3 ("The Court held that the plan administrator's claims sought equitable relief for the purpose of 29 U.S.C. § 502(a)(3) and § 1132(a)(3). In so doing, the Court reiterated that the ERISA provision authorizes claims for equitable relief, not claims that seek compensatory damages, and that whether a remedy is legal or equitable depends on the basis for the plaintiff's claim and the nature of the underlying remedies sought.").

[71] 534 U.S. 204 (2004).

*Sereboff* and *Knudson* involve factually similar circumstances, but diverge on one crucial distinction: namely, how the fiduciary sought to recover the funds owed to it under the terms of the plan. In these two cases, a fiduciary sought to recover funds that were due to it under a subrogation provision in the ERISA plan from a beneficiary that had successfully obtained damages from a third-party tortfeasor.[72]

In *Knudson*, the Supreme Court held that the fiduciary's requested relief was "not equitable—the imposition of a constructive trust or equitable lien on particular property—but legal—the imposition of personal liability for the benefits that they conferred upon respondents,"[73] because the funds sought were not in the beneficiary's possession.[74]

In distinguishing *Knudson*, *Sereboff* held that the fiduciary's requested relief was equitable because, significantly, the funds owed to the fiduciary were within the possession and control of the beneficiaries,[75] and, in light of the terms of the ERISA plan requiring repayment of funds from lawsuits against third-party tortfeasors, "a contract to convey a specific object even before it is acquired will make the contractor a trustee as soon as he gets a title to the thing."[76] On that basis, the Supreme Court held that the fiduciary's requested relief was available at the time of the divided bench: specifically, the enforcement of an equitable lien established by agreement.[77]

---

[72] *See Sereboff*, 547 U.S. at 359–60; *Knudson*, 534 U.S. 207–08.

[73] *Id.* at 214.

[74] *Id.* at 213–14.

[75] 547 U.S. at 362–63.

[76] *Id.* at 363–64.

[77] *Id.* at 368. *See also ACS Recovery Serv., Inc. v. Kaplan*, No. C 09-01304, 2010 WL 144816, at *1–3 (N.D. Cal. Jan. 11, 2010) ("[T]he Supreme Court [in *Sereboff*] held that where a plan fiduciary seeks to enforce a reimbursement provision in a policy by imposing a constructive trust or equitable lien on 'specifically identifiable funds; that are 'within the possession and control of

Neither *Knudson* nor *Sereboff* support the proposition that subject matter jurisdiction exists in this matter under subsection (a)(3). Both cases are clear that subsection (a)(3) only permits claims where the underlying nature of the claim is equitable, and that a fiduciary's recovery of funds due to it under the terms of a plan are circumstantially limited. Indeed, the specific and permitted circumstance in *Sereboff* is not applicable here: Blakney does not allege the existence of a contract between him and the Defendants—which would equate this declaratory action to one of an equitable lien; nor can Blakney allege such an agreement, as his other allegations make clear that any recovery from Defendants of the subrogation benefits will be imposed on the basis of Defendants' alleged medical malpractice. In other words, Blakney's requested relief seeks to generally impose personal liability for money damages via declaratory judgment against Defendants for the benefits amounts paid to Blakney by PBC, which is a "classic form of legal relief."[78] Subsection (a)(3) does not cover such legal actions.

Nor does any other case law convince the Court that subject matter jurisdiction is appropriately found in this matter. Blakney's cited authority—which he contends demonstrates that subject matter jurisdiction is found in ERISA preemption actions under subsection (a)(3)— are largely inapposite: none of the cases involve similarly situated parties, nor are any cited cases procedurally analogous in the present action such that the Court is persuaded by their reasoning.[79] Thus, the Court concludes that Blakney could not have brought a complaint under § 1132(a)(3).

---

the [defendant],' the action is equitable in nature and authorized under § 502(a)."); *Unitedhealth Grp., Inc. v. MacElree Harvey, Ltd.*, No. 16-1026, 2016 WL 4440358, at *3–5 (E.D. Pa. Aug. 23, 2016) (discussing *Knudson* and *Sereboff*).

[78] *Mertens*, 508 U.S. at 255.

[79] *See e.g.*, *Budinger v. Mc Gann*, No. CV 86-7499 MRP, 1987 WL 268934, at *1–2 (C.D. Cal. June 26, 1987) (fiduciaries seeking declaratory judgment that the terms of the plan preempt state subrogation statute on basis that defendant-beneficiary owes duty to reimburse the plan); *United Food & Commercial Workers & Emp'rs Arizona Health and Welfare Trust*, 801 F.2d 1157, 1159

Accordingly, Blakney cannot bring the Complaint under § 1132(a)(3), and, thus, the Court finds it is without subject matter jurisdiction under subsection (a)(3).

    *c.   Whether Jurisdiction Exists Under 29 U.S.C. § 1144(a)*

In general, ERISA preemption claims premised solely on a conflict of state laws and § 1144(a) do not invoke federal question jurisdiction.[80] Moreover, federal question jurisdiction is generally lacking where ERISA preemption is raised as a defense in an underlying state court action unrelated to ERISA,[81] and where declaratory judgment is sought on an immunity or defense based on federal law that is raised in an underlying state action.[82] Thus, in order for § 1144(a) to provide federal question jurisdiction, an ERISA preemption claim needs to establish federal

---

(9th Cir. 1986) (plan and fiduciaries seeking declaratory judgment against employee-beneficiary that reimbursement requirement was enforceable despite Arizona common law prohibition on assignment of third party claims).

The Court recognizes that one case cited by Blakney—*FMC Corp. Emp. Welfare Benefits Plan Comm. v. Good Samaritan Hosp. of the Santa Clara Valley*, No. C-88-3092-FMS, 1988 WL 424459 (N.D. Cal. Dec. 5, 1988)—involves a plan seeking declaratory judgment that ERISA preempted a state subrogation statute against a defendant who was also being sued by an employee-beneficiary in state court for medical malpractice. *Id.* at *1–2. The *FMC Corp.* court did not discuss jurisdiction, no further federal cases have cited to *FMC Corp*, and the *FMC Corp.* case predates more recent Ninth Circuit and Supreme Court authority on subsection (a)(3). Moreover, unlike here, neither the *FMC Corp.* case or its related state court case involved the same parties. Thus, the Court declines to follow *FMC Corp.*

[80] *See supra* n.31.

[81] *See id. See also Mack v. Kuckenmeister*, 619 F.3d 1010, 1021 (9th Cir. 2010) ("Where § 1144(a) is raised as a defense in a case that does not otherwise arise under ERISA, state courts retain jurisdiction over the case and over the preemption question.").

[82] *See Alton Box Bd. Co. v. Esprit de Corp.*, 682 F.2d 1267, 1274 (9th Cir. 1982) ("The federal preemption issue raised in the manufacturers' complaint is a defense to enforcement of Esprit's Cartwright Act claim, a claim which manifestly arises under state law. Such is not the stuff of federal jurisdiction. . . . A claim does not arise under federal law within the meaning of section 1331 *where it relies on federal law only to establish an immunity or defense* which would preclude the declaratory judgment defendant from successfully litigating against the declaratory judgment plaintiff a claim arising under state law." (emphasis added)).

question jurisdiction by showing that the underlying "state-law causes of actions are *completely* preempted by § 502(a) of ERISA [§ 1132(a)], or that some other basis exists for federal question jurisdiction."[83]

"Complete preemption under § 502(a) [§ 1132(a)] is 'really a jurisdictional rather than a preemption doctrine, [as it] confers exclusive federal jurisdiction in certain instances where Congress intended the scope of a federal law to be so broad as to entirely replace any state-law claim.'"[84] Under Ninth Circuit authority, a two-prong test is used to determine whether § 1132(a) completely preempts state-law claims and confers federal jurisdiction.[85] "[T]he first question is whether the [plaintiff] could have brought [his] complaint under § 502(a) [§ 1132(a)]."[86] Second, a court "must determine whether the state-law claims 'arise independently of ERISA or the plan terms,'" or, "in other words, [the court] must ask whether or not an 'independent duty . . . is implicated by [the] defendant's actions.'"[87] This two-prong test is conjunctive; "[a] state law cause of action is preempted by § 502(a)[ § 1132(a)] only if both prongs of the test are satisfied."[88]

Blakney broadly asserted in his Opposition to the Motion to Dismiss that § 1144(a) properly invokes federal question jurisdiction. Blakney argued that federal question jurisdiction is invoked because "it is federal law[, ERISA,] that provides the basis for entertaining the question

---

[83] *Marin Gen.*, 581 F.3d at 945 (emphasis added).

[84] *Id.*

[85] *Fossen*, 660 F.3d at 1107–09 (citing *Marin Gen.*, 581 F.3d at 946). *See also Tr. of U.A.*, 678 F. App'x at 480.

[86] *Fossen*, 660 F.3d at 1109.

[87] *Id.* (quoting *Davila*, 542 U.S. at 210, 212).

[88] *Marin Gen.*, 581 F.3d at 947.

of whether AS 09.55.548(b) is preempted under ERISA, [and] a cause of action seeking such a ruling clearly arises under federal law."[89] Blakney asserted that preemption "claims based on 29 U.S.C. § 1144(a) invoke federal question jurisdiction," and that federal question jurisdiction is also conferred under ERISA's jurisdictional provision—specifically, 29 U.S.C. §§ 1132(a)(1)(B), and (a)(3).[90] Notably, Blakney does not otherwise request the Court to reconsider its holding that § 1144(a) does not provide subject matter jurisdiction absent satisfying the two-prong complete preemption test.[91]

Here, the Court again concludes that Blakney cannot satisfy either prong, and that the Court therefore lacks federal question jurisdiction and subject matter jurisdiction. First, as the Court has already determined that Blakney could not bring his Complaint under subsections (a)(1)(B)[92] or (a)(3),[93] Blakney fails to satisfy the first prong of the complete preemption test.

Second, the Court concludes that the underlying claims arise independently of ERISA and the terms of the Plan, and that they are based on independent legal duties. The underlying state court lawsuit—where the Defendants initially raised AS 09.55.548(b)—concerns medical malpractice claims based on Defendants' alleged negligence in the treatment of Blakney during and subsequent to his initial surgery. Such medical state tort claims arise independently of ERISA and the terms of the Plan, and are based on a theory of independent legal duties owed by Defendants to Blakney. In order to prove subject matter jurisdiction exists under § 1144(a),

---

[89] Dkt. 22 at 9.

[90] *Id.* at 9–10. *See also* Dkt. 1 at 2.

[91] *See supra* n.48.

[92] *See supra* Section IV.B.1.a.

[93] *See supra* Section IV.B.1.b.

Blakney must allege that the underlying causes of action do not arise independently of ERISA and the terms of the Plan and do not implicate other independent duties. Blakney does not—and his allegations otherwise could not—meet this requirement. Thus, Blakney cannot satisfy the second prong requiring that no other independent duties are implicated.

Accordingly, because Blakney cannot satisfy both prongs of the necessary test to establish jurisdiction, the Court concludes that federal question jurisdiction does not exist in this matter under § 1144(a).

### d. *Whether Jurisdiction Exists Under the DJA*

It is axiomatic that the DJA does not—by itself—confer federal question subject matter jurisdiction.[94] In narrow circumstances, "a person may seek declaratory relief in federal court if the one against whom he brings his action could have asserted his own rights there."[95] Thus, "[if] . . . the declaratory judgment defendant could have brought a coercive action in federal court to enforce its rights, then [the court] ha[s] jurisdiction;" or, "[i]n other words, in a sense [the court] can reposition the parties in a declaratory relief action by asking whether [the court] would have jurisdiction had the declaratory relief defendant been a plaintiff seeking a federal remedy."[96] Under

---

[94] *See Bd. of Tr. of Printing Specialties*, 2008 WL 11336181 at *4 ("It is well-established that '[t]he [DJA], 28 U.S.C. § 2201, is a procedural device only; it does not confer an independent basis of jurisdiction on the federal court.'" (quoting *Alton Box Bd. Co.*, 682 F.2d at 1274). *See also Janakes v. United States Postal Service*, 768 F.2d 1091, 1093 (9th Cir. 1985) ("The use of the declaratory judgment statute does not confer jurisdiction by itself if jurisdiction would not exist on the face of a well-pleaded complaint brought without the use of 28 U.S.C. § 2201.").

[95] *Standard Ins. Co. v. Saklad*, 127 F.3d 1179, 1181 (9th Cir. 1997) (citing *Franchise Tax Bd. v. Construction Laborers Vacation Tr.*, 463 U.S. 1, 19 & n. 19 (1983)).

[96] *Id.* (internal quotation marks omitted). *See also Transamerica*, 811 F.2d at 1253 ("This follows from the fact that to ascertain the presence of federal jurisdiction in a declaratory judgment action, it is necessary to determine whether the defendant against whom declaratory judgment is sought could have asserted his rights in a federal court.").

these narrow circumstances, subject matter jurisdiction under the DJA has been found in certain ERISA cases.[97]

Although there are narrow circumstances in which the DJA can confer jurisdiction to a federal court in an ERISA case, Blakney does not advance any such arguments. Rather, in his Opposition to the Motion to Dismiss, Blakney does not challenge the well-established principle that the DJA does not confer federal question jurisdiction, stating that subject matter jurisdiction in this declaratory judgment matter is not based on the DJA.[98] Similarly, Blakney does not request that the Court reconsider its holding that the DJA does not provide federal question jurisdiction.[99]

Indeed, this matter is not a situation where the DJA can confer subject matter jurisdiction on the Court. As detailed above, when considering whether the DJA confers subject matter jurisdiction in narrow circumstances, the Court can look to whether the declaratory defendant could have asserted a federal claim as a plaintiff. Here, the Defendants could not have asserted a federal claim as plaintiffs: the question of whether ERISA preempts AS 09.55.548(b) arises from Defendants' use of AS 09.55.548(b) as a defense in a civil lawsuit where Blakney is seeking damages based on alleged medical malpractice. Ninth Circuit law is clear that there is simply no

---

[97] *See id.* at 1252–53 (holding no jurisdiction under § 1132(a)(3), but that jurisdiction existed under the DJA because the declaratory judgment defendant could have asserted a federal claim under ERISA as a plaintiff); *Callaway Golf Co. v. Screen Actors Guild, Inc.*, No. 07CV0373-LAB (WMc), 2009 WL 10672729, at *4–5 (S.D. Cal. Mar. 30, 2009) ("Because the Court would have jurisdiction over a suit brought by Defendants under ERISA § 502 and 515 to require contributions under the applicable agreements, the Court likewise has jurisdiction by way of the Declaratory Judgment Act and 28 U.S.C. § 1331 to declare Plaintiffs' obligations under those same agreements."); *STMicroelectronics, Inc. Pension Restoration Plan v. Santoni*, No. CV-04-1025-PHX-ROS, 2007 WL 9757795, at *2 (D. Ariz. Mar. 9, 2007) (jurisdiction where plan sought declaratory judgment that beneficiary was not entitled to any further plan benefits).

[98] Dkt. 22 at 10 ("The obvious flaw with defendants' jurisdictional argument is that jurisdiction is not asserted on the basis of the DJA.").

[99] *See supra* n.48.

federal question jurisdiction where declaratory judgment is sought on a defense raised from an underlying state court case that arises under state law.[100] In other words, Defendants could not have asserted a federal claim as plaintiffs in federal court. Absent these narrow circumstances—which are not met—the DJA does not provide federal question jurisdiction. Thus, no subject matter jurisdiction exists under the DJA.

Accordingly, subject matter jurisdiction in this matter does not exist under 28 U.S.C. §§ 2201 and 2202.

     *e. Conclusion*

After reconsideration of the Court's Prior Order and the parties briefing related to the Motion and the Motion to Dismiss, the Court arrives at the same conclusion: namely, that subject matter jurisdiction—specifically federal question jurisdiction—in this matter does not exist under any of the grounds asserted by Blakney: 29 U.S.C. §§ 1132(a)(1)(B), 1132(a)(3), and 1141(a), or 28 U.S.C. §§ 2201 and 2202. Consequently, the Court lacks subject matter jurisdiction to address this matter.

Accordingly, this matter is **DISMISSED** pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

    2.  <u>Whether the Court Should Abstain From Exercising Jurisdiction</u>

The Court previously declined to address Defendants' remaining argument that the Court should abstain from exercising jurisdiction because the Court had determined that it lacks subject

---

[100] *Alton Box Bd.*, 682 F.2d at 1274 ("A claim does not arise under federal law within the meaning of section 1331 *where it relies on federal law only to establish an immunity or defense* which would preclude the declaratory judgment defendant from successfully litigating against the declaratory judgment plaintiff a claim arising under state law." (emphasis added)).

matter jurisdiction.[101] After reconsideration of the Prior Order, the Court has reached the same conclusion: that it lacks subject matter jurisdiction in this declaratory judgment action. Thus, the Court again declines to address Defendants' remaining arguments regarding abstention.[102]

## V.    CONCLUSION

For the foregoing reasons, the Motion for Reconsideration at docket 28 is **GRANTED**; after reconsideration of the Prior Order at docket 27, this matter is **DISMISSED** for lack of subject matter jurisdiction. The Clerk of the Court is directed to close this matter.


IT IS SO ORDERED.

Dated at Anchorage, Alaska, this 19th day of July, 2019.


/s/   *Timothy M. Burgess*
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE

---

[101] Dkt. 27 at 16.

[102] Although the Court does not reach the merits of the abstention arguments, several district courts have noted that "state courts are competent to decide whether ERISA preempts a party's state law claims." *Lupe v. Bilyeu*, No. C 10-03114 JSW, 2011 WL 13257940, at *4 (N.D. Cal. Apr 22, 2011). *See also Tr. Of the S. Cal. IBEW-NECA Pension Plan v. Mega Lightening, Inc.*, No. CV 08-03781 MMM (Ex), 2009 WL 10670637, at *11, n.56 (C.D. Cal. Feb. 2, 2009) ("The Ninth Circuit has frequently noted that 'state courts are perfectly competent' to determine ERISA preemption issues." (quoting *Transamerica*, 811 F.2d at 1255, n.5)).